# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EUSTACIO SALAZAR-MARTINEZ,**
**individually and on behalf of all other**
**persons similarly situated,**

                          **Plaintiffs,**

**-vs-**                                                **Case No. 6:10-cv-670-Orl-28KRS**

**KENNETH G. HYATT,**

                          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 47)**
>
> **FILED:** October 7, 2011

      Plaintiff Eustacio Salazar-Martinez brought this case on behalf of himself and all those similarly situated under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc. No. 1. Santiago Castillo-Alvarez, Rosendo Castillo-Badillo, German Castillo-Garcia, Tomas Gamez-Mejia and Elidoro Medina-Lopez were later joined as party plaintiffs. Doc. Nos. 38, 41. No other individuals filed consents to join the case. Plaintiffs and Defendant Kenneth G. Hyatt seek the Court's approval of their settlement.

**I.      PROCEDURAL HISTORY.**

Plaintiffs allege that they are temporary foreign workers who were employed by Hyatt during 2007 and/or 2008. They allege that Hyatt failed to reimburse them for pre-employment expenses in obtaining a visa and other expenses, compensation which is required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

On October 7, 2011, the parties filed their renewed joint motion to approve settlement. Doc. No. 47. In the motion, counsel for Plaintiffs described the distribution of the settlement funds and attached a Declaration of Robert J. Willis, one of Plaintiffs' attorneys, in support of an award of reasonable attorney's fees and costs. Doc. No. 47, 47-1. The motion seeks approval of a settlement of $8,510.78, to be distributed as follows:

| Claimant | Settlement Amount |
|---|---|
| Santiago Castillo-Alvarez | $1,382.68 |
| Rosendo Castillo-Badillo | $1,382.68 |
| German Castillo-Garcia | $1,382.68 |
| Tomas Gamez-Mejia | $1,382.68 |
| Elidoro Medina-Lopez | $1,382.68 |
| Eustacio Salazar-Martinez | $1,382.68 |
| Eustacio Salazar-Martinez | $214.70 |
| **TOTAL** | **$8,510.78** |

Counsel for the parties represent that the payment to each Plaintiff constitutes full payment of unreimbursed pre-employment expenses and liquidated damages. Doc. No. 47 at 3; Doc. No. 45-1 at 4. Defendant also agrees to pay Plaintiffs' attorneys the total amount of $5,000 for total attorneys' fees and $1,500 for their costs. Doc. No. 47 at 4-5.

In exchange for the settlement payment, each Plaintiff makes other valuable concessions. Each Plaintiff gives up all claims "whether known or unknown, anticipated or unanticipated, disclosed or undisclosed" he may have against Hyatt d/b/a Hyatt Farms and "his successors, affiliates, heirs, officers, directors, employees, agents, and attorneys (collectively referred to hereafter as the 'Releasees') . . . " as of the effective date of the settlement agreement. Doc. No. 45-1 at 2. Each Plaintiff further agrees that "if any portion of the general release language were ruled to be unenforceable for any reason, Plaintiffs shall return the settlement amounts paid by Defendant pursuant to the Agreement, and, upon doing so, Plaintiffs shall no longer be bound by the terms of the general release." *Id.* at 3.

The Court referred this matter to me for a report and recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA issues. As the motion is unopposed, it is therefore ripe for consideration.

## II. ANALYSIS.

As noted above, counsel for the parties represent that the amount each Plaintiff will receive under the settlement agreement is the entire amount of unreimbursed pre-employment expenses incurred by the Plaintiff, plus liquidated damages. This constitutes the maximum amount each Plaintiff would have received had they prevailed at a trial of this action. Plaintiffs represent, through counsel, that they voluntarily agreed to this amount. Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because Defendant agrees to pay the full amount of unreimbursed expenses and liquidated damages arguably owed to each Plaintiff, the analysis of the fairness of the settlement would usually end here with a finding that there has been no compromise. In this case, however, the

scope of the release language and the requirement that Plaintiffs return the funds paid to them if the releases are found to be unenforceable constitute "side deals" that undermine the fairness of the settlement. *See Hogan v. Allstate Beverage Co.*, No. 2:10-cv-390-MHT, 2011 WL 3568818, at * 7 (M.D. Ala. Aug. 15, 2011)(citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1238 (M.D. Fla. 2010)).

The scope of the release provision in the settlement agreement is sweeping. Plaintiffs release all claims, known or unknown, anticipated or unanticipated against not only the Defendant but a number of individuals and entities not identified by name. In *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010), a judge of this Court found that a similarly sweeping release rendered a settlement in an FLSA action "both unfair and incapable of evaluation," because "[a]bsent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."

Perhaps more importantly, in the present case the settlement agreement provides that if, at any time, any portion of the general release is ruled to be unenforceable, Plaintiffs must return the monies paid under the settlement agreement and are no longer bound by the general release. This provision unfairly shifts the risk to the Plaintiffs. They will be unable to use the settlement funds freely because of the risk that they will have to return those funds at some unknown future date. Furthermore, the statute of limitations presumably will continue to run on the FLSA claims, resulting in a loss of all or parts of the claims if the settlement agreement or any portion of the general release is found in the future to be unenforceable. As the Court stated in *Hogan*, "Settlement of an FLSA claim is not an occasion for employers to extract valuable concessions unfairly from employees." 2011 WL 3568818, at *7.

Therefore, I recommend that the Court find that the settlement agreement in its present form is not a fair and reasonable resolution of a bona fide dispute under the FLSA.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **DENY** the Renewed Joint Motion to Approve Settlement (Doc. No. 47). I further recommend that the Court give the parties thirty days from its ruling on this Report and Recommendation to submit a revised settlement agreement and motion for a fairness finding, failing which the case should proceed as previously scheduled.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy