**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EUSTACIO SALAZAR-MARTINEZ,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHER PERSONS SIMILARLY
SITUATED,

                                **Plaintiffs,**

-vs-                                                        Case No. 6:10-cv-670-Orl-28KRS

KENNETH G. HYATT,

                                **Defendant.**

_____

## AMENDED REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** SECOND RENEWED MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 51)
>
> **FILED:** December 16, 2011

### I. PROCEDURAL HISTORY.

Plaintiffs Eustacio Salazar-Martinez, Santiago Castillo-Alvarez, Rosendo Castillo-Badillo, German Castillo-Garcia, Tomas Gamez-Mejia and Elidoro Medina-Lopez and

---

[1] The original Report and Recommendation, Doc. No. 53, is withdrawn.

Defendant Kenneth G. Hyatt seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*[2]

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[3] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[2] Castillo-Alvarez, Castillo-Badillo, Castillo-Garcia, Gamez-Mejia and Medina-Lopez were previously joined as party plaintiffs. Doc. No. 41.

[3] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

**III. ANALYSIS.**

In the present case, Plaintiffs contend that Hyatt failed to reimburse them for pre-employment expenses in obtaining visas and traveling to Hyatt's central Florida work site. The parties exchanged data, formulated their own proposed settlement figures and engaged in settlement discussions. The Plaintiffs have agreed to receive the following amounts in settlement:

| | |
|---|---|
| Santiago Castillo-Alvarez | $ 1,328.68 |
| Rosendo Castillo-Badillo | $ 1,328.68 |
| German Castillo-Garcia | $ 1,328.68 |
| Tomas Gamez-Mejia | $ 1,328.68 |
| Elidoro Medina-Lopez | $ 1,328.68 |
| Eustacio Martinez-Salazar | $ 1,597.38 |

In his answers to the Court's interrogatories, Salazar-Martinez averred that he was owed a total of $768.52 in preemployment expenses. Doc. No. 17-1 at 3. Assuming an equal amount of liquidated damages are claimed, Salazar-Martinez's claim was for $1,537.04. The other individuals did not provide answers to Court interrogatories. However, the parties represent that each Plaintiff will receive the full amount of FLSA damages arguably due. Doc. No. 51 at 2. Therefore, the Court need not consider the reasonableness of the attorneys' fees to be paid under the settlement agreement.

The Court previously declined to approve the settlement agreement for the reasons stated in a Report and Recommendation dated October 21, 2011. Doc. Nos. 48, 52. Among other things, the settlement agreement as executed is illusory because it provides that Plaintiffs may be required to return the settlement funds under certain circumstances. Doc. No. 48 at 4.[4]

---

[4] Because the settlement agreement provided for return of the settlement proceeds under certain circumstances, the undersigned recommended that the Court find the parties' dismissal of the case without a fairness finding to be inappropriate.

In the second renewed motion, the parties agree to limit the release to the claims stated in the amended complaint and to delete the provision for return of the settlement proceeds from the settlement agreement. Doc. No. 51 at 4. With these modifications, I recommend that the Court find that the settlement is a fair and reasonable compromise of a bona fide dispute under the FLSA. The Court need not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement agreement as modified is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Second Renewed Joint Motion to Approve Settlement, Doc. No. 51;

3. **PROHIBIT** counsel for Plaintiffs from withholding any portion of the monies payable to Plaintiffs under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs;

5. **DECLINE** to approve the settlement agreement as a whole or to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 11, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy